### MAHONEY v. BRECKENRIDGE et al.

(Supreme Court, Appellate Division, Third Department.  May 6, 1903.)

**1. WILL—LEGACIES—CHARGE ON LAND.**

Testator devised his farm to a son, subject to the support of his widow, and certain legacies to his other children, to be paid after the death of his widow.  These legacies were made a charge on the farm to the extent of one-half the value thereof, at the estimated price of $50 per acre, after deducting from the total value the amount contributed for the support of the widow.  On the death of the widow, all but one of the legacies were settled.  *Held,* that the basis for determining the extent of the lien under the remaining legacy was the value of the farm as estimated by testator, and not the market value thereof at the time it was sought to foreclose the lien.

Appeal from Special Term, St. Lawrence County.

Action by Peter Mahoney against George Breckenridge and others. Judgment for plaintiff, and defendant Breckenridge appeals.  Modified and affirmed.

Argued before PARKER, C. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

John M. Kellogg, for appellant.
Fred J. Gray, for respondent.

CHESTER, J.  The action is brought to foreclose the lien of a legacy charged upon lands now owned by the defendant Breckenridge, and involves the construction of the will of Ferdinand Nugent, who died in 1876.  By his will, made and proven in that year, he devised his farm to his son the defendant Thomas Nugent, subject to the support of his wife, Rose, and subject to the payment of legacies to his son Terrence $500, to his daughter Susan $300, and to his son Owen $200, each payable in 10 equal annual installments after the death of his wife, without interest, and which legacies by his will he made a charge on said farm, "only to the extent of one-half the value thereof remaining, at the price, estimated, of fifty dollars per acre, after deducting from the total value thereof at that price, the value and amount contributed to the support and maintenance of my [his] wife."  At the death of the testator, Thomas entered into possession of the farm, and supported his mother, the testator's widow, there, until her death in 1884.  Shortly after her death, Thomas settled with Susan and Owen for their legacies.  Terrence left home in 1865, and was not heard from for many years prior to his return in 1899.  Before his return he had heard of his father's death and of the legacy to him.  This not having been paid, he assigned it to the plaintiff.  The farm consisted of 59 acres, and was deeded to the defendant Breckenridge by Thomas Nugent and his wife in 1894 for a consideration expressed in the deed of $1,770, which is at the rate

of $30 per acre. The court on the trial decided the value of the support of the widow during her life after her husband's death to be $1,250, and that the plaintiff was entitled to the sum of .$425, to be paid out of the proceeds of the sale of the farm, if that amount was not paid, with interest and costs, within 30 days.

It was shown that since the making of the will the farm had depreciated in value. The contention of the appellant is that the court erroneously fixed the amount which should be taken out of the farm for the legacy to Terrence at $425; that that should be based upon the present value of the farm, and not upon the value stated in the will; or that the farm should be sold, the widow's support of $1,250 to be deducted from the proceeds, and one-quarter of the residue given in payment of the legacy. I think this contention cannot be sustained without overlooking entirely the provisions contained in the will. Those appear very clearly to support the conclusion reached by the court below as to the amount of the charge upon the farm to secure the legacy to Terrence. This legacy was for $500. The legacies to Susan and Owen, taken together, amounted also to $500. The value of the widow's support was determined upon sufficient evidence to be $1,250. The will charged the legacies on the farm only to the extent of one-half the value thereof remaining, at the price estimated of $50 per acre, after deducting from the total value thereof at that price the value of the widow's support. The total value of the farm at that price was $2,950. One-half the value remaining after deducting the widow's support from such total value is $850. Upon this value, legacies amounting to $1,000 are charged. Five hundred dollars, or one-half in amount of these legacies, belongs to the plaintiff, as assignee of Terrence, and therefore one-half of such value of $850, or $425, as fixed by the trial court, must be applied for the plaintiff's benefit. The judgment, however, as entered by the clerk, contains a provision for a personal recovery against the defendant Breckenridge for the amount so fixed. This was not authorized by the decision of the court, and the respondent's counsel consented upon the argument that it should be stricken out.

The judgment should be modified by striking out the provision for a personal judgment, and, as modified, affirmed, with costs. All concur.